Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com

The McCulloch Law Firm, PLLC
Kevin P. McCulloch (to be admitted *pro hac vice*)
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358
kevin@mccullochiplaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC., | Civil Case No. 4:16-cv-06612 (PJH) |
| *Plaintiff*, | Hon. Phyllis J. Hamilton |
| v. | |
| WELBROOK SENIOR LIVING, LLC; CMD REAL ESTATE GROUP, LLC; HEALTH CARE BUILDING INVESTMENT, LLC; and JOHN DOE | **COMPLAINT AGAINST THIRD-PARTY DEFENDANT UPFRONT SEO PURSUANT TO FED. R. CIV. P. 14(a)(3)** |
| *Defendants*. | |
| WELBROOK SENIOR LIVING, LLC; CMD REAL ESTATE GROUP, LLC; HEALTH CARE BUILDING INVESTMENT, LLC, | |
| *Third-Party Plaintiffs,* | |
| v. | |
| UPFRONT SEO | |
| *Third-Party Defendant*. | |

Pursuant to Federal Rule of Civil Procedure 14(a)(3), Plaintiff Erickson Productions, Inc. ("Erickson Productions" or "Plaintiff"), by and through undersigned counsel, hereby asserts claims against Third-Party Defendant UpFront SEO ("UpFront SEO") and demand a trial by jury of all claims and issues so triable.

**PLAINTIFF'S COMPLAINT AGAINST THIRD-PARTY DEFENDANT UPFRONT SEO**

1. On January 24, 2017, Defendant/Third-party Plaintiffs WELBROOK SENIOR LIVING, LLC; CMD REAL ESTATE GROUP, LLC; HEALTH CARE BUILDING INVESTMENT, LLC, (collectively "Welbrook Defendants") filed third-party claims against UpFront SEO alleging that it is responsible and liable for the infringements alleged in Plaintiff's Complaint. (*See* Dkt. No. 21, ¶¶ 59-88.)

2. Plaintiff presently lacks information to determine the validity of the allegations and claims asserted by the Welbrook Defendants in their third-party complaint against Upfront. Plaintiff thus makes the allegations and claims herein upon information and belief, primarily based upon the allegations and representations of the Welbrook Defendants.

3. Plaintiff hereby incorporates all allegations in the Complaint (Docket No. 1) as if stated in full herein.

**FACTUAL ALLEGATIONS**

4. Upon information and belief, UpFront SEO is a merchant specializing in creating and selling website content, with its principal place of business located at 5400 Via Mariposa, Yorba Linda, CA 92887.

5. Upon information and belief, the corporation registration for Defendant Welbrook Senior Living was filed in Utah in 2014 by Encompass Health Services, LLC ("Encompass").

6. Upon information and belief, Encompass owns the domain located at URL address www.encompasshealthservices.com (the "Encompass Website").

7. Upon information and belief, the Encompass Website presently auto-redirects visitors to the Welbrook Senior Living website located at URL address www.welbrook.com (the "Welbrook Website").

8. Upon information and belief, for at least a certain period of time, the Welbrook Website and Encompass Website were both simultaneously available to the public.

9. Plaintiff's Complaint alleges that the Welbrook Defendants infringed Plaintiff's copyrights in the photograph identified in Exhibit 1 thereto (the "Photograph") by publishing it to the "Welbrook Website."  (Compl. ¶ 32.)

10. Upon information and belief, prior to auto-redirecting to the Welbrook Website, the Encompass Website also included an unauthorized copy of Plaintiff's copyrighted photograph at issue.

11. Plaintiff's Complaint included claims for copyright infringement, both direct and secondary, against a "John Doe" Defendant who, upon information and belief, created the Welbrook Website.  (Compl. ¶ 34.)

12. The Welbrook Defendants have alleged that they retained UpFront SEO's services to create the Welbrook Website and that Upfront is responsible for copying and publishing Plaintiff's Photograph to the Welbrook Website.  (*See* Dkt. No. 21 ¶¶ 62-74.)

13. Upon information and belief, UpFront SEO did not create or design the Welbrook Website but rather was retained by Encompass, not the Welbrook Defendants, to redesign the already existing and already published Encompass Website.

14. Upon information and belief, UpFront SEO did not create the original Encompass Website.

15. Upon information and belief, in redesigning the Encompass Website, UpFront SEO used image content previously published on the Encompass Website.

16. Plaintiff presently lacks information to determine who designed the original Encompass Website or whether the unauthorized copy of Plaintiff's Photograph was published to the Encompass Website prior to UpFront SEO's redesigning the website.

17. Upon information and belief, the Welbrook Defendants and/or Encompass copied and published Plaintiff's Photograph to the Welbrook Website.

## COUNT I

### DIRECT, CONTRIBUTORY, AND/OR VICARIOUS COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

18. Plaintiff repeats and re-alleges each allegation set forth in the Complaint and all allegations above as if set forth fully herein.

19. The Welbrook Defendants have alleged and represented to this Court that Upfront is solely responsible for creating the Welbrook Website and publishing Plaintiff's Photograph to the Welbrook Website.

20. Upon information and belief, either Upfront, Encompass, or an as-of-yet unascertained third party copied and published Plaintiff's Photograph to the Encompass Website.

21. Upon information and belief, UpFront SEO is directly and/or secondarily liable for copying, publishing, and displaying the Photograph on the Encompass Website.

22. The conduct and omissions by UpFront SEO, as alleged by the Welbrook Defendants, infringed and violated Plaintiff's copyrights in the Photograph, in violation of the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*

23. The conduct and omissions by UpFront SEO, as alleged by the Welbrook Defendants, materially contributed to, facilitated, induced, caused, or otherwise are responsible for the directly infringing acts carried out by the other Defendants, including by

copying Plaintiff's Photograph and making it available to the other Defendants for use on their website and/or publishing it to Defendants' website on their behalf.

24. Upon information and belief, the conduct and omissions by UpFront SEO, as alleged by the Welbrook Defendants, were willful, including but not limited to because they were reckless and/or knowing.

3. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including UpFront SEO's profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiff's copyrighted work.

4. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on its behalf and for the following relief:

1. A trial by jury of all claims and issue so triable;

2. A permanent injunction against UpFront SEO from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring UpFront SEO to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photograph and all copies of the infringing materials described in this complaint that are in the control or possession or custody of UpFront SEO;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and UpFront SEO's profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

4. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. Any other relief authorized by law, including punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and proper.

Dated:   February 1, 2017

Respectfully submitted,

/s/ Kevin McCulloch
Kevin P. McCulloch (to be admitted *pro hac vice*)
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358
kevin@mccullochiplaw.com

-and-

Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com