Christopher S. Hill (#205738)
KIRTON McCONKIE
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Phone: (801) 328-3600
Fax: (801) 321-4893
Email: chill@kmclaw.com

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKSON PRODUCTIONS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>WELBROOK SENIOR LIVING, LLC; CMD REAL ESTATE GROUP, LLC; HEALTH CARE BUILDING INVESTMENT, LLC; and JOHN DOE,<br><br>Defendant. | Case No. 4:16-CV-06612-PJH<br><br>Judge Phyllis J. Hamilton<br><br>**FIRST AMENDED ANSWER AND THIRD-PARTY COMPLAINT** |
| WELBROOK SENIOR LIVING, LLC,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>UPFRONT SEO,<br><br>Third-Party Defendant. | |

1

## ANSWER

Defendant, WELBROOK SENIOR LIVING, LLC; CMD REAL ESTATE GROUP, LLC; HEALTH CARE BUILDING INVESTMENT, LLC (collectively referred to herein as "WSL") hereby answers Plaintiff's Complaint as follows:

1. Paragraph 1 does not make a short and plain statement of the claim showing that the pleader is entitled to relief, therefore denied.

2. Paragraph 2 does not make a short and plain statement of the claim showing that the pleader is entitled to relief, therefore denied.

## PARTIES

3. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied.

4. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied.

5. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied.

6. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied.

7. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied.

8. Admit.

9. Deny. WSL operates the website www.welbrook.com.

10. Deny. CMD is the registrant of US Trademark Registration No. 4,547,155 for WELBROOK SENIOR LIVING and design.

11. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied. As previously disclosed to Plaintiff, Third-party Defendant UpFront SEO ("Third-party Defendant") created the content and made all creative decisions regarding the website which is alleged to infringe.

12. Deny.

## JURISDICTION AND VENUE

13. Admit that the Court has jurisdiction over claims for copyright infringement, otherwise denied.

14. Admit.

15. Admit.

16. Deny. Welbrook is part of the ownership group of nursing homes in California.

17. Admit.

18. Admit.

19. Deny.

20. Admit that the website www.welbrook.com is accessible in California, otherwise deny.

21. Admit.

## FACTUAL ALLEGATIONS

22. Deny.

23. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied.

24. Admit.

25. Admit that WSL removed the allegedly infringing image, otherwise denied.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied.

## COUNT I

31. Paragraph 31 does not make a short and plain statement of the claim showing that the pleader is entitled to relief, therefore denied.

32. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied.

33. WSL denies copying Plaintiff's Photograph, therefore denied.

34. WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied. As previously disclosed to Plaintiff, Third-party Defendant UpFront SEO created the content and made all creative decisions regarding the website which is alleged to infringe.

35. WSL admits a third-party sold WSL the content for www.welbrook.com, otherwise WSL lacks knowledge or information sufficient to form a belief about the truth of an allegation, therefore denied.

36. Deny.

37. Deny.

38. Paragraph 38 does not make a short and plain statement of the claim showing that the pleader is entitled to relief, therefore denied.

39. Plaintiff's Prayer for Relief in numbered paragraphs 1-6 do not make short and plain statements of the claim showing that the pleader is entitled to relief. To the extent that the Prayer for Relief does assert such statements they are denied.

## AFFIRMATIVE DEFENSES

40. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

41. The Plaintiff's claim is barred in part or in whole by the statute of limitations to the extent that any infringement if found against WSL, as the allegedly infringing website content was, on information and belief, published more than three years prior to the date the

Complaint was filed. All damages incurred as a result of conduct predating three years before the filing of the Complaint would be time-barred.

42.  To the extent that any infringement is found against WSL, such infringement was innocent as the Defendants were not aware and had no reason to believe that their acts constituted an infringement of the Plaintiff's copyright. Third-party Defendant created and sold to WSL the allegedly infringing website content. Third-party Defendant had complete control over selecting the content, including the allegedly infringing image. As part of its complete control, Third-party Defendant made all decisions on removing any notice of copyright. Under controlling California law, Third-party Defendant warranted and represented to WSL that its work was either licensed or original expression and did not infringe any copyrights. Cal. Com. Code § 2312(3).Further under California law, Third-party Defendant warranted that it would indemnify WSL for infringement claims brought against WSL for the developer's work. *Id.*.

43.  To the extent the Plaintiff owns any copyright in the works at issue, its claim is barred, in whole or in part, due to copyright misuse and unclean hands. After Plaintiff contacted WSL regarding the alleged infringement WSL immediately removed the allegedly infringing work and sought to compensate Plaintiff for the allegedly unauthorized use. Plaintiff refused to provide WSL with a monetary demand and instead demanded WSL give Plaintiff proprietary and confidential information which could be used to undermine WSL's competitive advantage in the marketplace. Plaintiff's copyright does not entitle it to demand WSL's confidential information. Plaintiff's attempt to use its copyright to obtain WSL's confidential information is not granted by the Copyright Office and it is contrary to public policy to grant such a right. The Plaintiff's allegation of copyright infringement is being used to claim rights broader than those granted by the Copyright Act, to threaten penalties that exaggerate or misstate the law, to violate the public policy embodied in the grant of copyright, to leverage control over areas outside the scope of its copyright, and to undermine the U.S. Constitution's goal of promoting invention and creative expression.

44. Discovery has not yet begun and the Defendants' investigation efforts are ongoing. The Defendants therefore reserve the right to supplement and/or amend their affirmative defenses as warranted.

**THIRD-PARTY COMPLAINT AGAINST Third-party Defendant UPFRONT SEO**

45. Defendants and Third-party Plaintiffs incorporate the paragraphs above as if fully set forth herein.

46. Defendants and Third-party Plaintiffs collectively WSL, by and through undersigned counsel, hereby demands a trial by jury of all claims and issues so triable, and, as and for its Complaint for copyright infringement against Defendant UpFront SEO and hereby asserts and alleges as follows:

## NATURE OF THE ACTION

47. This Third-party Complaint is brought by Defendant Third-party Plaintiff WELBROOK SENIOR LIVING, LLC; CMD REAL ESTATE GROUP, LLC; HEALTH CARE BUILDING INVESTMENT, LLC, (collectively "WSL") against Third-party Defendant UpFront SEO for breach of Cal. Com. Code § 2312(3) for breach of the implied warranty against infringement, breach of implied covenant of good faith and fair dealing, and seeks indemnification for all costs, fees and damages resulting from those breaches.

## PARTIES

48. Third-party Defendant UpFront SEO ("UpFront SEO") located at 5400 Via Mariposa Yorba Linda, CA 92887 is a merchant regularly dealing sales of website content.

49. WSL is an UpFront SEO customer who bought website content from UpFront SEO.

## JURISDICTION AND VENUE

50. Jurisdiction for Third-party Plaintiff's claims lie with the United States District Court for the Northern District of California pursuant to the Copyright Act of 1976, 17 U.S.C. §§101, et seq., 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

51.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendant may be found in this District.

52.     This Court has personal jurisdiction over Third-party Defendant who is domiciled and has its principal place of business in California.

53.     Defendant and Third-Party Plaintiff WSL contracted in California with Third-Party Defendant UpFront SEO to sell website content.

54.     On information and belief Third-party Defendant created in California the content it sold to WSL.

55.     Defendant conducts substantial and ongoing business in the State of California.

## FACTUAL ALLEGATIONS

56.     UpFront SEO is a merchant specializing in making and selling website content.

57.     In March of 2012 WSL contacted UpFront SEO to purchase website content.

58.     UpFront SEO represented to WSL that UpFront SEO regularly created and sold website content for customers and that it could sell content to WSL.

59.     UpFront SEO agreed to sell WSL website content it created.

60.     WSL did not participate in preparing any pictures or photographs included in the content.

61.     WSL did not furnish any specifications for the pictures or photographs UpFront SEO would use in creating the content.

62.     UpFront SEO exercised complete control over selecting and including pictures and/or photographs included in the content.

63.     UpFront SEO exercised complete control over where to procure any pictures and/or photographs it included in the content.

64. UpFront SEO made all creative decisions on what pictures and/or photographs to include in the content.

65. As part of its complete control, UpFront SEO exclusively made all decisions on modifying the pictures and/or photographs it selected, including any cropping of the pictures and/or photographs it used.

66. As part of its complete control, UpFront SEO exclusively made all decisions to remove any notice of copyright, assuming that a notice of copyright was included.

67. WSL did not preview any pictures and/or photographs included on the content prior to its delivery to WSL.

68. WSL did not see the allegedly infringing picture or photograph with the alleged copyright notice.

69. During development UpFront SEO had access to WSL's website used for the development and UpFront SEO placed therein the content it created.

70. On March 17, 2012 WSL paid UpFront SEO $3,000 for the content.

71. WSL did not modify the pictures or photographs included in the content UpFront SEO placed on the website or any successor website.

**CLAIM I**

(Breach of Implied Warranty Against Infringement (Cal. Com. Code § 2312))

72. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

73. UpFront SEO sells websites and website content.

74. UpFront SEO warrants that the websites and content it sells shall be delivered free of the rightful claim of any third person by way of infringement.

75. UpFront SEO sold and delivered to WSL website content which is alleged to be subject to infringe the rightful claim a third person by way of copyright infringement.

76. In delivering to WSL website content which is alleged to infringe UpFront SEO breached California Commercial Code §2312, which requires UpFront SEO to warrant

9

that its goods are "free of the rightful claim of any third person by way of infringement or the like." (§ 2312(3)).

77. As a consequence of this breach of the implied warranty against infringement, WSL seeks monetary damages for the alleged breach to compensate it for litigation expenses incurred in defending against a third party copyright infringement lawsuit that arose out of WSL's use of website content purchased from UpFront SEO.

**Claim II**

(Breach of Implied Covenant of Good Faith and Fair Dealing)

78. WSL repeats and re-alleges each allegation set forth above as if set forth fully herein.

79. In California there is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

80. UpFront SEO contracted with WSL to provide website content.

81. WSL paid UpFront SEO for preparing and providing the content.

82. The content UpFront SEO sold to WSL is alleged to have been misappropriated from Plaintiff and to infringe Plaintiff's copyright.

83. Plaintiff's allegation of infringement injures WSL's right to use and otherwise receive the benefits of the agreement WSL entered into with UpFront SEO.

84. As a consequence of this breach of the implied covenant of good faith and fair dealing the alleged infringement has caused WSL damage in legal fees and revisions to its website content.

85. As a consequence of this breach of the implied warranty against infringement, WSL seeks monetary damages for the alleged breach to compensate it for litigation expenses incurred in defending against a third party copyright infringement lawsuit that arose out of WSL's use of website content purchased from UpFront SEO.

**Prayer for Relief**

**WHEREFORE,** Defendant Third-party Plaintiff WSL respectfully prays the Court for judgment on its behalf and for the following relief:

86. WSL seeks monetary damages for the alleged breach to compensate it for litigation expenses incurred in defending against a third party copyright infringement lawsuit that arose out of WSL's use of website content purchased from UpFront SEO.

87. An Order that Third-party Defendant UpFront SEO indemnifies WSL for all costs, fees and expenses incurred by WSL in defending this action.

**Defendants and Third-party Plaintiffs WSL Jury Demand**

88. WSL hereby demands trial by jury.

DATED this 8th day of March, 2017.

By: */s/ Christopher S. Hill*

KIRTON McCONKIE

Attorney for Defendant
WELBROOK SENIOR LIVING, LLC; CMD REAL ESTATE GROUP, LLC; HEALTH CARE BUILDING INVESTMENT, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2017, a true and correct copy of the foregoing **AMENDED ANSWER AND THIRD-PARTY COMPLAINT** was electronically filed with the Clerk of the Court, Northern District of California, using the CM/ECF system, which sent notification of such filing to the following:

> Andrew Delahunt, Esq. (SBN 285512)
> Law Office of Andrew Delahunt
> 8749 Holloway Drive
> West Hollywood, CA 90069
> delahuntlaw@gmail.com
>
> The McCulloch Law Firm, PLLC
> Kevin P. McCulloch (to be admitted *pro hac vice*)
> 155 East 56th Street
> New York, New York 10022
> kevin@mccullochiplaw.com

                                        */s/ Teena Sanders*